**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS ANDRES ACEVES-NOLASCO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71509

Agency No. A204-689-946

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Dennis Andres Aceves-Nolasco, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision finding him ineligible for cancellation of

removal and denying his applications for asylum, withholding of removal, relief

under the Convention Against Torture ("CAT"), and for voluntary departure. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

The agency found Aceves-Nolasco's conviction for a drive by shooting in violation of Washington Revised Code §§ 9A.36.045 and 9.41.010 qualified as a particularly serious crime that rendered him ineligible for asylum and withholding of removal.  Aceves-Nolasco does not challenge the agency's dispositive determination.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Aceves-Nolasco also does not challenge the agency's determination that his conviction constituted a crime involving moral turpitude that precluded him from demonstrating the good moral character necessary to qualify for cancellation of removal and voluntary departure.  *See id.*

Substantial evidence supports the agency's denial of deferral of removal under CAT because Aceves-Nolasco failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture speculative); *Dhital v. Mukasey*, 532 F.3d 1044, 1051

19-71509

(9th Cir. 2008) (explaining that "petitioner must demonstrate that he would be subject to a 'particularized threat of torture'" to obtain CAT relief) (citation omitted).

Aceves-Nolasco's contentions that the agency violated his right to due process fail. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**